# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TONY DELEONE GILLIAM, | ) |
| Plaintiff, | ) )  ) |
| vs. | ) ) Case No. 10-2154-JTM-DWB |
| CARAVAN INGREDIENTS, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his Complaint alleging wrongful termination of employment, Plaintiff Danny Swanigan has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status. (Doc. 3-1.) He also has filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

**I.     Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 46 years old and single with no dependents. (Doc. 3-1, sealed, at 1, 2.) He is currently unemployed, and was most recently employed by Defendant, making a sizeable weekly wage. (*Id*., at 2-3.) He lists a significant amount of Unemployment benefits paid over the past year. (*Id*., at 4.) He has previously filed for bankruptcy. (*Id*., at 5.)

Plaintiff owns no real property, but does own one modest automobile outright, which apparently has some monetary value. (*Id*., at 3-4.) He indicates no cash on hand. (*Id*., at 4.) He enumerates the typical monthly expenses, including rent, utilities, telephone, and automobile insurance. (*Id*.) Although the amount listed for his monthly grocery expense as a single adult seems somewhat excessive,

2

it is not entirely unreasonable.

Given the information provided in Plaintiff's financial affidavit, it would appear that his monthly expenses exceed the unemployment benefits he has received. Further, the Court does not know when these benefits while expire. While Plaintiff does not explain how he addresses this monthly monetary shortfall, his affidavit clearly establishes that his access to the courts would be impaired if he was required to pay the usual filing fee. The Court thus **GRANTS** his motion to proceed *IFP* in the present case.

## II.   Motion for Appointment of Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of

volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As to the first *Castner* element, the Court does not dispute that Plaintiff has a limited ability to afford counsel. As discussed in the preceding section of this Order granting Plaintiff's *IFP* application, Plaintiff's financial status is consistent with the appointment of counsel.

Plaintiff has not, however, engaged in a reasonable search for counsel. According to his motion (Doc. 4), Plaintiff has contacted only one attorney regarding representation when the form motion clearly indicates he is to contact six. Further, the contacted attorney apparently was not willing to take the case. This indicates to the Court that Plaintiff's case may be without merit. This issue is addressed more thoroughly in Section III, *infra*.

Notwithstanding the merits of Plaintiff's case, the Court finds that the fourth *Castner* factor, Plaintiff's capacity to prepare and present the case without the aid of counsel, weighs strongly against the appointment of counsel. 979 F.2d at 1421. Here, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *See* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding issues

4

not complex and thus counsel not appointed for former employee suing municipal employer alleging employment discrimination on the basis of race, religion, sex, national origin and disability). Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel. The Court concludes that Plaintiff should be able to present his case without counsel and his motion is, therefore, **DENIED**.

Although the Court is denying Plaintiff's motion, it is doing so **without prejudice**. The Court will consider revisiting this issue in the future should Plaintiff provide the Court with sufficient evidence of a compelling need for a court-appointed attorney. Should Plaintiff intend to submit this issue the Court in the future, he will first be required to contact an additional five (5) attorneys to seek representation as required by the form Motion for Appointment of Counsel. (*See* Doc. 4.)

> II. **Sufficiency of the Present Complaint and Requirement to Supplement the Complaint**.

Section 1915 of Title 28, United States Code requires dismissal of a case filed under that section if the Court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C.

§1915(e)(2). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellman*, 935 F.2d 1106, 1108 (10th Cir. 1991).

Here, Plaintiff is not a prisoner as defined in 28 U.S.C. § 1915(h). However, courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g., Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); *McGore v. Wigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Court will therefore apply the screening procedure outlined in § 1915(e)(2).

In determining whether dismissal is appropriate under § 1915(e)(2), the pleadings of a *pro se* litigant are to be construed liberally and held to a less stringent standard than formal pleadings drafted by attorneys. This does not mean, however, that the court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972).

The broad reading of a plaintiff's complaint does not relieve the burden of alleging sufficient facts to give the opposing party fair notice of the basis of the

6

claim against it so that it may respond or to allow the court to conclude that the allegations, if proved, show plaintiff is entitled to relief. *Hall*, 935 F.2d at 1110; *see also* ***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473 (10th Cir. 1989). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

In reviewing the allegations of Plaintiff's Complaint, the Court is mindful that *pro se* litigants are held to a less stringent standard of review and that *sua sponte* dismissals are generally disfavored. Nonetheless, after reviewing the Complaint and construing the allegations liberally, if the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, it should recommend that the action be dismissed.

Under the Federal Rules of Civil Procedure, a Complaint generally need not plead detailed facts. Fed. R. Civ. P. 8(a). A Complaint is adequate if it gives the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-

1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). However, Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).

Plaintiff's Complaint is virtually devoid of any substantive factual description regarding the nature of his wrongful termination claim. On the form used by Plaintiff, he is instructed to provide "a short and plain statement of the claim showing that plaintiff is entitled to relief." (Doc. 1, at 3.) This is to include a statement of "what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s)." (*Id*.) Plaintiff states only that he "was terminated for no reason" after allegedly being assaulted by a co-worker. (*Id*.) He provides no information as to when this occurred, the identity of the other employee(s) responsible for the alleged assault, and/or the identity of the person(s) who fired him on behalf of Defendant. While a plaintiff need not plead the facts or legal theories of his claims with particularity, he must provide sufficient detail so that the defendant can frame an answer. Additionally, the Court requires sufficient detail to fulfill its responsibility to dismiss frivolous

claims brought by *in forma pauperis* plaintiffs.

As such, the Court will require Plaintiff to supplement his Complaint to provide additional facts regarding his claims. Further, because this is an employment-related lawsuit, the Court would suggest that the *pro se* form for an "Employment Discrimination Complaint" might be appropriate. That form is available from the Clerk of the Court as part of the court's *pro se* package, and that particular form contains paragraphs concerning various types of employment-related claims, which may, or may not, be appropriate in supplementing the Complaint in this case.

The Court is also concerned because Plaintiff has failed to state a legal basis for his termination to be considered wrongful. This may constitute a fatal flaw in his case because his Complaint, as it currently stands, does not state a claim upon which relief may be granted. Merely alleging that he was "terminated for no reason" does not make his firing illegal or actionable in federal court.

One common basis for a termination to be considered legally actionable is if the firing was because of a plaintiff's legally protected status, such as his race, religion, gender (in violation of Title VII), age (in violation of the Age Discrimination in Employment Act (ADEA)), and/or disability status (in violation of the Americans with Disabilities Act (ADA)). Plaintiff's Complaint makes no

mention of any such protected status and/or alleged basis for his termination. This might have been an oversight because Plaintiff did not use the *pro se* form for an "Employment Discrimination Complaint" from the Clerk of Court, which is designed specifically for employment cases and contains the appropriate boxes to check in order to indicate such claims.

Plaintiff admits, however, that his claims have not been presented through an administrative procedure with a government agency, such as the Equal Employment Opportunity Commission (EEOC) and/or the Kansas Human Rights Commission (KHRC). (*Id*., at 5.) Rather, he states that "the administrative procedures have been sought through the union process of the company." (*Id*.) It is well settled that a plaintiff must exhaust his administrative remedies before bringing a discrimination suit under Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act. ***Aramburu v. Boeing Co.***, 112 F.3d 1398, 1409 (10th Cir.1997). The filing of an administrative charge of discrimination with an agency such as the EEOC or KHRC is a prerequisite to this court's jurisdiction to hear a discrimination claim. ***Jones v. Runyon***, 91 F.3d 1398, 1399-1400 n. 1 (10th Cir. 1996); ***Shikles v. Sprint/United Management Co.,*** 426 F.3d 1304, 1317 (10th cir. 2005).

In Kansas, a plaintiff must file an EEOC charge within 300 days after the

alleged unlawful conduct occurs. *See* 42 U.S.C. § 2000e-5(e). *See also* **National R.R. Passenger Corp. v. Morgan**, 536 U.S. 101, 109, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). The "failure to exhaust administrative remedies is a bar to subject matter jurisdiction . . ." **McBride v. Citgo Petroleum Corp**., 281 F.3d 1099, 1106 (10th Cir. 2002); *see also* **Campbell v. Meredith Corp**., 260 F.Supp.2d 1087, 1100 (D.Kan. 2003) (citation omitted).[1] In his Complaint, Plaintiff does not state when his employment was wrongfully terminated. (Doc. 1, at 3.) Although Plaintiff's financial affidavit states he was employed for by Defendant for "5 yrs and 10 mo's," it does not include the dates of his employment. As such, the Court cannot accurately surmise when Plaintiff's employment was terminated and/or when the assault by a co-worker is alleged to have occurred. Given the significant amount of unemployment benefits Plaintiff has received, however, the Court would anticipate his termination was many months ago. The Court will not, however, rely on an assumption to determine whether or not Plaintiff's termination occurred within the past 300 days.

---

[1] In contemplating a dismissal under § 1915, the district court may consider affirmative defenses, such as the statute of limitations or lack of jurisdiction, *sua sponte* only under circumstances in which it is "'obvious from the face of the complaint' and '[n]o further factual record [is] required to be developed.'" **Fratus v. Deland**, 49 F.3d 673, 675 (10th Cir. 1995) (quoting **Yellen v. Cooper**, 828 F.2d 1471, 1476 (10th Cir. 1987)). *See also* **Trujillo v. Williams**, 465 F.3d 1210, 1216-17 (10th Cir. 2006); **Fogle v. Pierson**, 435 F.3d 1252, 1258 (10th Cir. 2006).

Based on the dearth of information contained in Plaintiff's Complaint, the Court simply does not know the legal basis by which Plaintiff intends to argue he was wrongfully terminated. Further, even assuming Plaintiff wanted to allege some type of legally recognized, discriminatory reason for his termination, he apparently has not timely filed an administrative charge of discrimination with the EEOC and/or KHRC. The Court cannot determine, however, whether the time has expired for him to do so – or even if he has a basis to file a charge of discrimination. It is for these reasons that the Court will direct Plaintiff to supplement his Complaint before determining whether to recommend dismissal of this case.

Therefore, Plaintiff shall supplement his Complaint in this case to provide sufficient factual detail regarding the alleged assault he sustained, including when and where it occurred, the identity of any other individual(s) involved in the assault, and the identity of the individual(s) involved in his allegedly wrongful termination on behalf of Defendant. Further, he should address the *legal* basis, if any, for finding his termination to be wrongful. Should Plaintiff allege the legal basis to be discrimination in light of a legally protected status, he should address the issue of whether he has timely filed the requisite administrative charge of

discrimination, as discussed above.[2]  This supplement to Plaintiff's Complaint must be filed on or before **April 30, 2010**.  Failure to file a supplement addressing the deficiencies noted in this Memorandum and Order within the time set in this Order will result in an immediate recommendation to the assigned District Judge that this case be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED, without prejudice**, as discussed above.

**IT IS FURTHER ORDERED** that Plaintiff supplement his Complaint to address the deficiencies addressed in this Memorandum and Order on or before **April 30, 2010**.

**IT IS FURTHER ORDERED** that the clerk need not issue summons or serve the Complaint upon Defendant at this time.  See ***Henriksen v. Bentley***, 644 F.2d 852 (10th Cir. 1981).

---

[2] To the extent Plaintiff is alleging discrimination and the time has not expired for him to file an administrative charge, the Court suggests he do so forthwith and request the necessary "right to sue letter" from the charging agency prior to filing his supplemental Complaint.  Should Plaintiff not receive a "right to sue letter" prior to the deadline established in this Order to supplement his Complaint, he is directed to request additional time from the Court to supplement.

A copy of this Memorandum and Order is to be mailed to Plaintiff by U.S. Mail.

Dated at Wichita, Kansas, on this 30th day of March, 2010.

        s/ Donald W. Bostwick
        DONALD W. BOSTWICK
        United States Magistrate Judge